Steven C. Vondran, Esq. [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Telephone: (877) 276-5084
E-mail:  steve@vondranlegal.com

Attorney for Plaintiff: *Thomas Bost*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BOST, an individual, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR FRAUD, MISAPPROPRIATION OF IDENTITY, AND FALSE DESIGNATION OF ORIGIN** |
| JOHN DOE, an individual; and DOES 1-10, inclusive. | |
| Defendant(s) | **(JOHN DOE ACTION FOR IDENTIFICATION AND INJUNCTIVE RELIEF)** |

COMES NOW Thomas Bost ("Plaintiff"), hereby alleging as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking injunctive and equitable relief arising from an ongoing scheme of online impersonation, fraudulent misrepresentation, and false designation of origin, perpetrated by an unknown individual using Plaintiff's name,

1

COMPLAINT

persona, and online identity to solicit money and subscriptions from the public.

2.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), including claims arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3.     This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant JOHN DOE because Defendant purposefully availed himself of the benefits of conducting activities in California by utilizing California-based online platforms to carry out the unlawful conduct alleged herein, including impersonation, fraudulent solicitation of funds, and false designation of origin.

5.     Defendant's conduct was carried out through YouTube, Patreon, and GoFundMe, each of which is headquartered in California and maintains its principal place of business within this state. Defendant knowingly used these California-based services to operate impersonation accounts, solicit donations and subscriptions, and process payments derived from the alleged fraudulent scheme.

6.     The identifying information necessary to ascertain Defendant's true identity, including account registration data, payment records, IP address logs, and related subscriber information, is maintained, controlled, and/or accessible by YouTube, Patreon, and GoFundMe in California.

COMPLAINT

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including Defendant's use of California-based platform infrastructure to commit the acts alleged herein, and because this District is the location where relevant third-party records and custodians are found.

8. This District is the most appropriate and efficient forum for resolving this action and for issuing the limited discovery orders and subpoenas necessary to identify Defendant and prevent ongoing harm.

## PARTIES

9. Plaintiff **THOMAS BOST** ("Bost" or "Plaintiff") is an individual and digital content creator known professionally as "Moxifloxi." Plaintiff is a music and animation creator with a substantial online following built over many years across multiple platforms.

10. Defendant **JOHN DOE** ("Defendant") is an unknown individual who, at all relevant times, operated online accounts impersonating Plaintiff, falsely representing himself as Plaintiff, and soliciting money, subscriptions, and donations under that false identity. Defendant's true name and identity are presently unknown to Plaintiff and can only be ascertained through court-authorized discovery.

11. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under

3
COMPLAINT

such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants, and all fictitiously named Defendants.

12.    Plaintiff is informed and believes and thereon alleges that Defendant JOHN DOE used accounts and payment infrastructure provided by YouTube, Patreon, and GoFundMe to carry out the unlawful conduct alleged herein. These entities are not named as defendants and are referenced solely for purposes of identifying the unknown Defendant through lawful process.

## FACTUAL ALLEGATIONS

13.    Plaintiff incorporates the allegations above as if fully set forth herein.

14.    Plaintiff has operated under the professional name "Moxifloxi" for several years and has developed a substantial following and goodwill among fans and followers across multiple online platforms through the creation and distribution of original music and animated content.

15.    Plaintiff continues to maintain legitimate and active online presences, including verified or established accounts on platforms such as Spotify, X (Twitter),

COMPLAINT

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

Apple Music, Instagram, TikTok, Linktree, SoundCloud, Newgrounds, and Discord (See **Exhibit "A,"** screenshots of Plaintiff's authentic accounts).

16. Beginning in or about July 2025, Defendant created and operated a YouTube channel impersonating Plaintiff and using Plaintiff's professional name "Moxifloxi" without authorization (See **Exhibit "B,"** screenshot of impersonation channel).

17. Defendant re-uploaded Plaintiff's prior original music and animation content without authorization, falsely holding it out as Defendant's own work (See **Exhibit "C,"** screenshots of infringing videos).

18. Defendant falsely represented to the public that he was Plaintiff and claimed to be continuing Plaintiff's prior online presence and creative work, thereby exploiting Plaintiff's existing fan base and reputation.

19. In furtherance of this scheme, Defendant created and operated a fraudulent Patreon account purporting to belong to Plaintiff, through which Defendant solicited money and paid subscriptions from unsuspecting fans (See **Exhibit "D,"** screenshot of fraudulent Patreon account).

20. Defendant also created and operated a fraudulent GoFundMe campaign falsely claiming to belong to Plaintiff, through which Defendant solicited donations from the public (See **Exhibit "E,"** screenshot of fraudulent GoFundMe campaign).

21. Defendant offered paid subscription access and solicited monetary

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

contributions from the public, representing that supporters would receive direct interaction or other benefits from Plaintiff, including premium offerings such as a $350 phone call tier, when in fact Defendant was not Plaintiff and had no authority to act on Plaintiff's behalf (See **Exhibit "F,"** screenshots of public comments confirming payments and donor confusion; See also **Exhibit "G,"** screenshot of fraudulent $350 phone call tier).

22. As a result of Defendant's deception, members of the public were misled into believing they were supporting Plaintiff, and Defendant collected funds for Defendant's own benefit in excess of several hundred dollars through false pretenses.

23. In or about December 2025, Plaintiff publicly exposed the impersonation through social media and a video explaining the fraudulent conduct.

24. Following this exposure, Defendant deleted or removed certain infringing videos, blocked critics, and rebranded the impersonation YouTube channel under a different name while retaining the accumulated subscriber base.

25. Defendant's conduct has caused Plaintiff substantial harm, including loss of goodwill, reputational injury, confusion among fans, and diversion of funds intended for Plaintiff.

26. Plaintiff has filed multiple impersonation and fraud reports with YouTube, Patreon, and GoFundMe, as well as with appropriate authorities. Despite these efforts, Defendant's identity has not been disclosed to Plaintiff.

COMPLAINT

27.    Plaintiff has no practical means of identifying Defendant other than through court-authorized subpoenas directed to the service providers that possess Defendant's identifying information, including registration data, payment records, and IP logs.

## FIRST CAUSE OF ACTION

### FRAUD AND FRAUDULENT MISREPRESENTATION

#### *[Against Defendant JOHN DOE]*

28.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

29.    Under California law, fraud consists of:

(a) a misrepresentation of a material fact,

(b) knowledge of falsity,

(c) intent to induce reliance,

(d) justifiable reliance, and

(e) resulting damage.

30.    Defendant intentionally made false representations of material fact by holding himself out as Plaintiff and falsely claiming to be the creator known professionally as "Moxifloxi."

31.    Defendant knew these representations were false at the time they were made, as Defendant was not Plaintiff and had no authorization to act on Plaintiff's behalf.

32.    Defendant made these misrepresentations with the intent to induce reliance

COMPLAINT

by members of the public, including Plaintiff's fans and followers, in order to solicit money, donations, and paid subscriptions through online platforms including YouTube, Patreon, and GoFundMe.

33.    Members of the public reasonably and justifiably relied on Defendant's misrepresentations by providing money and other things of value to Defendant under the belief that they were supporting Plaintiff.

34.    Defendant received and retained funds obtained through these misrepresentations via accounts and payment mechanisms controlled by Defendant on Patreon and GoFundMe.

35.    Defendant's conduct was part of a deliberate and coordinated scheme to deceive the public and misappropriate funds intended for Plaintiff.

36.    As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff has suffered damages, including diversion of funds, loss of goodwill, reputational harm, and interference with Plaintiff's business and audience relationships.

## SECOND CAUSE OF ACTION

**MISAPPROPRIATION OF NAME AND LIKENESS/ RIGHT OF PUBLICITY**

***[Against Defendant JOHN DOE]***

37.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

38.    California Civil Code § 3344 and California common law prohibit the

unauthorized use of a person's name, voice, signature, photograph, likeness, or persona for commercial purposes without consent.

39. Plaintiff is a recognizable online creator who has developed goodwill and commercial value in his name, professional identity, and persona, including the name "Moxifloxi."

40. Defendant knowingly used Plaintiff's name, identity, and persona without authorization in connection with online content, fundraising campaigns, and subscription-based services.

41. Defendant's use of Plaintiff's identity was for a commercial purpose, including the solicitation of money, donations, and paid subscriptions for Defendant's own financial benefit.

42. Defendant's unauthorized use of Plaintiff's identity was knowing, intentional, and directly connected to Defendant's commercial activities.

43. Defendant's conduct created a false impression of Plaintiff's endorsement, sponsorship, or approval of Defendant's activities.

44. As a direct and proximate result of Defendant's misappropriation of Plaintiff's name and likeness, Plaintiff has suffered damages, including loss of control over his identity, reputational injury, and economic harm.

COMPLAINT

# THIRD CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN AND FALSE ASSOCIATION

### *[Against Defendant JOHN DOE]*

45.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

46.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits the use in commerce of any word, name, symbol, or false designation of origin that is likely to cause confusion as to the origin, sponsorship, or approval of goods or services.

47.    Plaintiff owns valid and enforceable common-law trademark rights in the name and professional identifier "Moxifloxi" through continuous use in commerce in connection with Plaintiff's music, animation, and digital content.

48.    Defendant, without authorization, used Plaintiff's name, identity, and persona in interstate commerce in connection with online content, fundraising, and subscription-based services.

49.    Defendant's use of Plaintiff's name and persona was likely to cause, and did cause, confusion, mistake, and deception among members of the public as to the source, sponsorship, or affiliation of Defendant's activities.

50.    Actual confusion occurred, as members of the public believed they were supporting Plaintiff when, in fact, they were providing money and subscriptions to Defendant.

The Law Offices of Steven C. Vondran, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

51.     Defendant's conduct constitutes false designation of origin and false association in violation of 15 U.S.C. § 1125(a).

52.     Defendant's unlawful conduct has caused and is likely to continue to cause irreparable harm to Plaintiff unless enjoined by this Court.

53.     Such harm is ongoing and not readily compensable by monetary damages alone.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     For a declaration that Defendant's conduct constitutes fraud, misappropriation of identity, and false designation of origin;

2.     For injunctive relief prohibiting Defendant from further impersonating Plaintiff or holding himself out as affiliated with or authorized by Plaintiff, or using Plaintiff's name, likeness, or persona;

3.     For an order authorizing expedited discovery, including subpoenas to YouTube, Patreon, and GoFundMe, for the limited purpose of identifying Defendant;

4.     For an order requiring disclosure of Defendant's identifying information sufficient to permit Plaintiff to amend this Complaint and effect service;

5.     For damages according to proof, but not less than $100,000;

6.     For an order determining that Defendant is the prevailing party to this action, and awarding Defendant any costs and expenses recoverable by law.

11
COMPLAINT

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

7.    For such other and further relief as the Court deems just and proper.


Respectfully Submitted,

DATED: January 12, 2026        **THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.**


By:   /s/ Steven C. Vondran, Esq.
      Steven C. Vondran, [SBN 232337]
      ATTORNEY FOR PLAINTIFF
      THOMAS BOST
      620 Newport Center Drive, Suite 100
      Newport Beach, CA 92660
      Telephone: (877) 276-5084
      E-mail:  steve@vondranlegal.com

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.
620 Newport Ctr., Suite 1100
Newport Beach, California 92660

12
COMPLAINT